TOWN OF DOVER *vs.* HENRY B. TAWRESSEY.

Kent County, October Term, 1896.

**Criminal Law. Municipal Corporation.**—Prosecutions for criminal offenses forbidden by a town charter are within the general criminal jurisdiction of the State and in the absence of express authority are to be prosecuted under the law of the State.

**Same.**—In the absence of express or implied authority, in a town charter to proceed in the name of the town, criminal prosecutions must be in the name of the State.

This was a *certiorari* to Peter L. Cooper, Alderman of the town of Dover. The record returned duly certified was in the following words:

Henry B. Tawressey, the defendant, was arrested July 23, 1896, by Stephen Pleasanton, one of the Town Council of the Town of Dover, and brought before the Alderman for hearing and duly charged on oath by the said Constable with being engaged in a gathering of persons in one of the streets of the Town of Dover, which was an obstruction and interference with the free use of said street and the sidewalk. And after hearing the evidence and determining the case it is determined by the Alderman that the said

Henry B. Tawressey is guilty of the said charge, and that the said Henry B. Tawressey is hereby sentenced to pay a fine of ten dollars and is committed to prison for period of thirty days or until said fine and the costs are paid—commitment made out and delivered to Stephen Pleasanton, one of the Town Constables of the Town of Dover."

To that record the plaintiff filed, *inter alia*, the following exceptions

1. For that it appears in, by and from said record that the proceedings therein set forth were had and held in the name of the Town of Dover, and that they should have been had and held in the name of the State of Delaware. The above exception was the only one of the exception filed by the plaintiff which was argued, the Court not deeming it necessary to hear counsel on the other exceptions.

The offence charged was alleged to be a violation of Section 17 of the charter of the Town of Dover, which was in the following words :

Section 17. It shall be the duty of the Alderman of said town and Council of said town, and of the Constables of Kent county residing in said town, and of the town Constables, to suppress all riotous, turbulent, disorderly or noisy assemblages or gathering of persons in or about any buildings used for any fair, festival, concert or any other social, literary or religious meeting, or any entertainment whatsoever, or in the streets, lanes, squares or alleys of said town, at any time or season whatsoever; to prevent all gaththerings whatever which may obstruct or interfere with the free use of the streets or sidewalks, and for this purpose it shall be the duty of any of said Constables to seize and arrest any such persons so offending and carry them before the Alderman of said town, whose duty it shall be to hear and determine the case, and upon conviction before him the Alderman shall sentence any such person so convicted to pay a fine not exceeding ten dollars, and may commit the party to prison for a period not exceeding thirty days, or until said fine and costs shall be paid. It shall be the duty of the

Alderman of said town, upon complaint made before him of any such riotous, turbulent or noisy assemblages or gatherings as aforesaid, to issue his warrant to any of the Constables aforesaid, commanding him to arrest and bring any such person so offending as aforesaid before him for trial.

·  *W. H. Hayes* and *J. H. Ralston* (of the Philadelphia Bar), for the defendant below, appellant, contended that the case set forth in the record was a *prosecution,* for an alleged criminal offence covered by § 17 of the Town Charter and that the Town Council were prohibited by § 11 of the Town Charter of Dover from making and ordaining any ordinance covering the charge set forth in the record, as the Legislature had provided for said offence to the Charter.   It was so contended on behalf of the plaintiff that the charge set forth in said record was simply a charge of being guilty of a public nuisance by obstructing the public street of the Town of Dover, and being so, was an indictable offence at common law, and by statute in the State of Delaware.   Being such a nuisance therefore, and being an indictable offence under the laws of the State of Delaware, it was a *prosecution* within the meaning of the Constitution of the State of Delaware, which constitution requires that the prosecution for such offence must be in the name of the State of Delaware ; Del. Const. Art. 6, § 25 ; 19 Del. Laws, 1035, 1037., 1043, 1044 and 1045 ; *Vandegrift vs. Wilmington,* 1 Marvel 5.   It was also contended that all the authorities cited for the defendant were either cases in which the prosecution was in the name of the State for the violation of the *town ordinances* and therefore do not apply to the case at bar.

*Beniah W. Watson,* for the appellee.

LORE, C. J., delivered the opinion of the Court.

The defendant was arrested, without warrant, by Stephen Pleasanton, a Town Constable of the town of Dover.   He was taken before Peter L. Cooper, Town Alderman, tried, fined ten

dollars, committed to prison for thirty days in default of payment of the said fine and the costs ; upon the charge of " being engaged in a gathering of persons on one of the streets of the town of Dover, which was an obstruction and interference with the free use of the said streets and the sidewalks.

The charge against the defendant and the proceedings thereunder, were under § 17, Chap. 746, Vol. 19, Laws of Delaware, entitled : " An Act to Incorporate the Town of Dover," passed at Dover, March 2, 1893. The charge is made in the terms of the statute and under its provisions.

There are seven exceptions to the record. It is necessary for us to consider only the first exception, viz : " That it appears by the said record, that the proceedings therein set forth were had and held in the name of the town of Dover, when they should have been in the name of the State of Delaware."

The offences designated in said Section 17, under which defendant was tried, relate to disorderly conduct in violation of the said statute, and come within the general criminal jurisdiction of the State, and in the absence of express authority are to be prosecuted under the law of the State.

We can find in the said section, no express or implied authority, for the town of Dover to proceed thereunder in its own name. Such authority manifestly does not rest in the general corporate powers contained in the charter to sue and be sued, plead and be impleaded, etc., terms quite uniformly used in describing the powers of all corporations, and if it exists at all must be looked for elsewhere. A careful examination of the charter discloses that wherever the Legislature intended that the proceedings should be in the name of the town, such authority was expressly given. Thus it will be seen that under Sections 14 and 19 providing for fines and penalties under ordinances for obstructing streets, the mode of proceeding is prescribed and the town in its own name authorized to prosecute. The same express provisions appear in Sections 10 and 27 relating to liens and town taxes. While in Section 17, under which these proceedings were had, the offence, and the penalty are

both prescribed in the statute; the hearing and determination of the case are before the Alderman; who by Section 3 of the Charter, is expressly clothed with all the powers of a Justice of the Peace within the town limits, and there is no suggestion that he may proceed in the name of the town.

In the absence of such authority, the prosecution should have been in the name of the State of Delaware, under § 25, Article 6, of the Constitution, which is in the following words, viz:

"The style of all process and public acts shall be The State of Delaware. Prosecutions shall be carried on in the name of the State."

Therefore, as the Alderman was not authorized to proceed in the name of the town; the hearing, judgment, fine and imprisonment in such name, were unauthorized and illegal, and the judgment must therefore be reversed.